No. 48,712

KANSAS CITY POWER & LIGHT COMPANY, *Appellee,* v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, G. T. VAN BEBBER, As Chairman, R. C. LOUX and WILLIAM G. GRAY, As Members of Said Commission, and The Respective Successors in Office, *Appellants.*

(578 P.2d 254)

Opinion filed May 6, 1978.

*Carl M. Anderson,* assistant general counsel, argued the cause and *Thomas J. Pitner,* general counsel, was with him on the brief for appellant.

*Arthur J. Doyle,* vice president and general counsel, argued the cause, and *David L. Smith,* of Kansas City, Missouri, and *Leighton A. Fossey,* of Mound City, were with him on the brief for appellee.

*James C. Mordy,* of Kansas City, Missouri, and *Thomas E. Gleason,* of Ottawa, attorneys for Central Kansas Power Company, Inc.; *Richard C. Byrd,* of Ottawa, attorney for Central Telephone and Utilities Corporation and Empire District Electric Company, Inc.; *James L. Grimes, Jr.,* of Topeka, and *Basil W. Kelsey,* of Kansas City, Missouri, attorneys for The Kansas Power and Light Company; and *Ralph Foster,* of Wichita, attorney for Kansas Gas and Electric Company, were on the brief *amici curiae.*

The opinion of the court was delivered by

HOLMES, J.: This is an appeal from an order of the District Court of Linn County in which the trial court reversed orders of the State Corporation Commission entered in an electric service rates proceeding for the reason that the orders of the Commission were found to be unlawful and unreasonable. The Commission appeals although it appears that neither party was satisfied with the judgment of the trial court.

Various other public utilities were granted leave to file an *amici curiae* brief.

The facts are not in dispute and no objections are raised to the

procedural aspects of the hearing before the Commission and the later proceedings in the district court.

On May 27, 1975, the appellee, Kansas City Power & Light Company (KCPL), a public utility operating within the state of Kansas and subject to the jurisdiction of the State Corporation Commission of the State of Kansas, filed an application for consent and approval to put into effect certain changes in its electric service rates, rules and regulations designed to increase the rates charged Kansas customers for electric service. Included in the application was a request by KCPL to include in its year-end rate base $15,066,500 associated with the construction of LaCygne Unit No. 2 and $2,168,400 associated with minor construction projects, for a total amount of construction work in progress (CWIP) of $17,234,900. An additional $1,111,085 of CWIP was requested to be included subsequent to the filing of the application. In its order of July 23, 1976, authorizing certain increases in electric service rates, the Commission denied KCPL's request to include CWIP in its rate base. The Commission determined that it was precluded, as a matter of law, from including CWIP in KCPL's year-end rate base.

A request for a rehearing by KCPL was denied by the Commission and following this denial, KCPL applied to the District Court of Linn County for judicial review of the Commission's finding that it was precluded as a matter of law from considering CWIP. Briefs were filed by interested parties and the matter was tried to the court. The District Court held that the orders of the State Corporation Commission were unlawful and unreasonable in excluding CWIP, as a matter of law, from KCPL's rate base, and further held that CWIP must be included in a utility's rate base as part of the Commission's statutory duty.

At the time of the proceedings before the Commission and the trial court and at the time this matter was argued on appeal K.S.A. 66-128 provided:

"Said commission shall have the power and it shall be its duty to ascertain the reasonable value of all property of any common carrier or public utility governed by the provisions of this act used or required to be used in its services to the public within the state of Kansas, whenever it deems the ascertainment of such value necessary in order to enable the commission to fix fair and reasonable rates, joint rates, tolls and charges, and in making such valuations they may avail themselves of any reports, records or other things available to them in the office of any national, state or municipal officer or board."

The Commission asks this court to consider two alleged points of error:

1. The District Court of Linn County, Kansas, committed error in finding that the orders entered by the State Corporation Commission precluding CWIP from appellee's year-end rate base as a matter of law was an unlawful and unreasonable interpretation of K.S.A. 66-128.

2. The District Court of Linn County, Kansas, committed error in going beyond the statutory guidelines of judicial review and in substituting its judgment for that of the State Corporation Commission in determining that K.S.A. 66-128 not only expressly authorizes the inclusion of CWIP in a utility's rate base but requires such inclusion as a part of the Commission's statutory duty.

All parties seem to agree that the trial court went too far in finding that K.S.A. 66-128, as then constituted, required the Commission to include CWIP in the rate base. (K.S.A. 66-118d.)

Without going into detail or extensive explanation, for reasons which will become obvious, we find that the trial court was in error in determining that the Commission was required by K.S.A. 66-128 to include CWIP in the KCPL rate base. We also find the Commission was in error in finding that it was precluded under the statute, as a matter of law, from including CWIP. It is the opinion of the court that under the statute, as then constituted, the inclusion or exclusion of CWIP in the rate base was a discretionary function of the Commission to be based upon a factual determination, from the evidence submitted, whether the requested CWIP was "property . . . used or required to be used in its services to the public within the state of Kansas, . . ." (K.S.A. 66-128.) See *Kansas Gas & Electric Co. v. State Corporation Commission,* 218 Kan. 670, 544 P.2d 1396 (1976).

During the pendency of this appeal the matter of the interpretation, meaning and intent of the statute came to the attention of the 1978 Legislature. House Bill 2070 introduced in the 1978 session of the legislature sought to clarify the legislative intent and language of 66-128. The statute was amended, old K.S.A. 66-128 was repealed, and on April 6, 1978, House Bill 2070 became law.

House Bill 2070 provides:

"Section 1. K.S.A. 66-128 is hereby amended to read as follows: 66-128. Said commission shall have the power and it shall be its duty to ascertain the reasonable value of all property of any common carrier or public utility governed by the provisions of this act used or required to be used in its services to the public within the state of Kansas, whenever it deems the ascertainment of such value necessary in order to enable the commission to fix fair and reasonable rates, joint rates, tolls and charges, and in making such valuations they may avail themselves of any reports, records or other things available to them in the office of any national, state or municipal officer or board. For the purposes of this act, *property of any public utility which has not been completed and dedicated to commercial service shall not be deemed to be used or required to be used in said public utility's service to the public, except that, any property of a public utility, the construction of which will be completed in one (1) year or less, may be deemed to be completed and dedicated to commercial service.*" (emphasis added.)

House Bill 2070 attempts to clarify the legislative intent of 66-128 in that it specifically excludes all CWIP from consideration by the Commission except any CWIP which will be completed in one year of less *may* be included by the Commission in its determination of the rate base. The inclusion of CWIP continues to be a discretionary matter for the Commission only to the extent that it will be completed in one year or less.

The judgment of the district court that the Commission was required to include CWIP in the KCPL rate base is reversed; the order of the Commission finding it was precluded from including CWIP is found to be erroneous and the proceedings are remanded to the trial court with directions to refer the matter back to the Commission for further consideration in light of the legislative intent and purpose as expressed in House Bill 2070.

It Is So Ordered.